1  MANATT, PHELPS & PHILLIPS, LLP
   CHRISTINE M. REILLY (Bar No. 226388)
2  E-mail: CReilly@manatt.com
   JUSTIN JONES RODRIGUEZ (Bar No. 279080)
3  E-mail: JJRodriguez@manatt.com
   2049 Century Park East, Suite 1700
4  Los Angeles, California 90067
   Telephone:   310.312.4000
5  Facsimile:   310.312.4224

6  Attorneys for Defendant
   BEST BUY CO., INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEE KARIM, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BEST BUY CO., INC.,<br><br>　　　　　　Defendant. | No. 3:22-cv-4909<br><br>**DEFENDANT BEST BUY CO., INC.'S NOTICE OF REMOVAL**<br><br>FILED AS CLASS ACTION<br><br>[Removal of civil action from Superior Court of California, County of Alameda, Case No. 22-CV-014203]<br><br>[Filed concurrently with:<br>(1) Certification of Interested Entities or Persons;<br>(2) Corporate Disclosure Statement;<br>(3) Certificate of Service; and<br>(4) Civil Case Cover Sheet] |

**NOTICE TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant Best Buy Co., Inc. ("Best Buy") hereby removes the above-captioned putative class action from the Superior Court of California, Alameda County, to the United States District Court for the Northern District of California.  Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for Plaintiff Alee Karim and filed with the Clerk of the California Superior Court for the County of Alameda.

## COMMENCEMENT & OTHER PROCEDURAL REQUIREMENTS

1. On July 12, 2022, Plaintiff filed a putative class action captioned *Karim v. Best Buy Co., Inc.* in California Superior Court, County of Alameda, Case No. 22-CV-014203.  The action is against Best Buy on behalf of those who, according to Plaintiff, were charged by Best Buy for an auto-renewing subscription for any product or service in connection with a purchase made via the Best Buy website.  Compl. ¶ 35.

2. On July 29, 2022, Plaintiff served Best Buy with copies of the complaint and summons.  True and correct copies of the complaint and all other court documents served on Best Buy in the state court action are attached as **Exhibit 1**.[1]

3. A true and correct copy of the register of actions in the state court action is attached as **Exhibit 2**.

4. Timeliness: This notice is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of service made on July 29, 2022.

5. Consent: Pursuant to 28 U.S.C. § 1453(b), consent is not required by others because Best Buy is the only named defendant.

6. Notice: Under 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served on counsel for Plaintiff Alee Karim, and filed with the Clerk of the California Superior Court for the County of Alameda.

---

[1] Plaintiff failed to serve copies of the exhibits to the Complaint on Best Buy.

7. <u>Venue</u>: Under 28 U.S.C. § 1441(a), removal to the United States District Court for the Northern District of California is proper because this District encompasses the Superior Court of California, Alameda County, where this action is currently pending.

8. <u>Intradistrict Assignment</u>: Assignment to the San Francisco Division or Oakland Division of the United States Court for the Northern District of California is proper under 28 U.S.C. Section 1441(a) and Civil Local Rule 3.2 (c)-(d) because the State Court Action was filed and is pending in the County of Alameda.

### **ORIGINAL JURISDICTION UNDER CAFA**

9. This case is within the original jurisdiction of this Court and properly removed under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Under CAFA, federal courts have diversity jurisdiction over putative class actions that have (1) been commenced after February 18, 2005; (2) minimal diversity; (3) 100 or more class members; and (4) an aggregate amount in controversy in excess of $5 million. *See* 28 U.S.C. §§ 1332, 1332(d)(2), 1332(d)(5)(B). This action satisfies every applicable prerequisite.

10. This action satisfies CAFA's definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B); 28 U.S.C. § 1453(a), (b).

### **MINIMAL DIVERSITY**

11. CAFA requires only minimal diversity, i.e., that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020, 1021 (9th Cir. 2007) ("[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices.").

12. Plaintiff and Best Buy are citizens of different states. Plaintiff alleges that he is a citizen of Oakland, Alameda County, California. Compl. ¶ 8.

13. Plaintiff brings this putative class action on behalf of only "California consumers." Compl. ¶ 35.

14. Best Buy is incorporated in Minnesota (*see* **Exhibit 3** attached hereto (Minnesota Secretary of State's website, showing that Defendant is a Minnesota corporation) with its headquarters in Richfield, Minnesota (Compl. ¶ 10). *See Hertz Corp. v. Friend, Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) ("[W]e conclude that the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," which will "typically be found at a corporation's headquarters").

15. There is at least minimal diversity between Defendant Best Buy (a citizen of Minnesota) and the named and unnamed members of the putative class (all residents of California). *See* 28 U.S.C. § 1332(d)(2)(A).

## NUMEROSITY

16. CAFA requires that the proposed class contain at least 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B).

17. Plaintiff defines the putative class to include "[a]ll California consumers who have been charged by Best Buy for an auto-renewing subscription for any product or service in connection with a purchase made via the Best Buy website from July 11, 2018 to the date of judgment." Compl. ¶ 35.

18. Plaintiff alleges that the precise number of putative class members is unknown but "encompasses at least several thousand Class Members" and "the members of the Class are so numerous that joinder of all such persons is impracticable." Compl. ¶ 36.

19. Accordingly, there are more than 100 putative class members. *See* 28 U.S.C. § 1332(d)(5)(B).

## AMOUNT IN CONTROVERSY

20. CAFA requires that "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs…." 28 U.S.C. § 1332(d)(2). "[T]o determine whether the matter in controversy exceeds the sum or value of $5,000,000," the "claims of the individual class members shall be aggregated." *Id.* § 1332(d)(6). "Congress and the Supreme Court have instructed [courts] to interpret CAFA's provisions under section 1332 broadly in favor of removal," *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015), and "no

1  antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate

2  adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC*

3  *v. Owens*, 135 S. Ct. 547, 554 (2014).

4        21.    When measuring the amount in controversy, "a court must 'assume that the

5  allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff

6  on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th

7  Cir. 2012) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993,

8  1001 (C.D. Cal. 2002)). Further, defenses that a defendant may assert are not considered in

9  assessing the amount placed in controversy. *See Lara v. Trimac Transp. Servs. (W.) Inc.*, CV 10-

10  4280-GHK JCX, 2010 WL 3119366, at *3 (C.D. Cal. Aug. 6, 2010) ("affirmative defenses,

11  counterclaims, and potential offsets may not be invoked to demonstrate the amount-in-

12  controversy is actually less than the jurisdictional minimum.").

13        22.    The complaint purports to allege causes of action for violations of (1) California's

14  Automatic Renewal Law (ARL), California Business and Professions Code Section 17600, *et.*

15  *seq.*; (2) violation of California's Consumer Legal Remedies Act (CLRA), California Civil Code

16  Section 1770 *et. seq.*; and (3) California's Unfair Competition Law (UCL), California Business

17  and Professions Code Section 17200 *et. seq*. *See* Compl. ¶¶ 43-76. Plaintiff seeks restitution,

18  monetary damages, prejudgment interest, injunctive relief, attorneys' fees, and costs. *Id*., Prayer

19  ¶¶ (a)-(e). *See also* Compl. ¶ 5 ("With this class action, Plaintiff and the Class seek redress for

20  Best Buy's unfair business practices, including the recovery of the charges Best Buy has imposed

21  on Plaintiff and the Class contrary to law.").

22        23.    Plaintiff seeks an award of restitution in connection with his second, third and

23  fourth causes of action under the UCL. Compl. ¶¶ 54, 60, 66, Prayer.

24        24.    Plaintiff alleges that he was charged $388.35 for a television and then $2.99 each

25  month for the "Trend Micro" software program for a total of $44.85 for fifteen months. *Id.* ¶¶ 13,

26  18, 27, 30.

27        25.    Plaintiff also seeks to represent "[a]ll California consumers who have been

28  charged by Best Buy for an auto-renewing subscription for *any product or service* in connection

with a purchase made via the Best Buy website from July 11, 2018 to the date of judgment." *Id*. ¶ 35 (emphasis added).

26. Since July 11, 2018, California consumers have paid more than $5,000,000 in subscription fees in connection with purchases made on Best Buy's website. Thus, the aggregate value of Plaintiff's request for restitution exceeds $5,000,000.[2]

27. Best Buy disputes Plaintiff's allegations, denies that Plaintiff or any putative class members have been harmed in any way, and denies that Plaintiff or any putative class member is entitled to any remedy. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) ("Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial … because they are not stipulating to damages suffered, but only estimating the damages that are in controversy.").

28. Plaintiff also seeks attorneys' fees and costs. Compl. ¶ 42, Prayer ¶ (e). Awards of attorneys' fees and costs may be included in the amount in controversy. *See, e.g.*, *Guglielmo v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). A fee award in a certified class action can often amount to twenty-five percent (25%) of class recovery, which could increase the amount in controversy by 25% or, put another way, to 125% of the class' claimed recovery. *See, e.g., Jasso v. Money Mart Exp., Inc.*, No. 11-

---

[2] A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014); *see also Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal. Section 1446(a) requires merely a 'short and plain statement of the grounds for removal.' Moreover, we have observed that 'it is clearly appropriate for the district courts, in their discretion, to accept certain post-removal [evidence] as determinative of the [jurisdictional requirements].'") (citation omitted); *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010) ("When challenged on allegations of jurisdictional facts, the parties [who assert jurisdiction] must support their allegations by competent proof.").

5500, 2012 WL 699465, at *7 (N.D. Cal. Mar. 1, 2012) (stating that fee award of 25% of class recovery was "not unreasonable").

29. Plaintiff also seeks injunctive relief under his second through fifth causes of action, the costs of which could be substantial. Compl., ¶¶, 54, 60, 66, 76, Prayer. When evaluating the value of an injunction for amount in controversy purposes, the Ninth Circuit follows the "either viewpoint" rule. Under the "either viewpoint" rule, the amount in controversy is the pecuniary result the judgment would directly produce to either party. This pecuniary result includes the cost to defendant to implement an injunction. *See, e.g.*, *Lokey v. CVS Pharmacy, Inc.*, No. 20-CV-04782-LB, 2020 WL 5569705, at *5 (N.D. Cal. Sept. 17, 2020) (quoting *In re Ford Motor Co./Citibank*, 264 F.3d 952, 958 (9th Cir. 2001), *cert. granted in part sub nom. Ford Motor Co. v. McCauley*, 534 U.S. 1126 (2002), *cert. dismissed*, 537 U.S. 1 (2002)); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405 (9th Cir. 1996).

30. Best Buy denies that it has any liability to Plaintiff or anyone else, and denies that the putative class could be certified for class treatment. Nevertheless, the aggregate amount that has been placed in controversy by Plaintiff in the complaint, including restitution of subscription fees, attorneys' fees, and injunctive relief, exceeds $5 million. *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."); *Lewis v. Verizon Comm'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." ).

31. Based on the foregoing paragraphs, this putative class action meets all the requirements under CAFA: It was commenced after February 18, 2005, there is minimal diversity, there are more than 100 putative class members, and more than $5 million in controversy, in the aggregate. This Court thus has original subject matter jurisdiction. *See* 28 U.S.C. § 1332(d)(2)(A).

**CONCLUSION**

32. Best Buy, having satisfied all requirements for removal under 28 U.S.C. §§ 1332, 1441, 1453, and 1446, respectfully submits this Notice of Removal, requests that the action be removed, and requests that the Court assume full jurisdiction over the case as provided by law.

33. Best Buy respectfully removes this action from the California Superior Court, County of Alameda, to this Court.

Dated: August 26, 2022                   MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Christine M. Reilly
Christine M. Reilly
Justin Jones Rodriguez
Attorneys for Defendant
Best Buy Co., Inc.