# EXHIBIT 1



**CT Corporation**
**Service of Process Notification**
07/29/2022
CT Log Number 542019564

## Service of Process Transmittal Summary

**TO:**      Legal Sop
          Best Buy Enterprise Services, Inc.
          7601 PENN AVE S
          RICHFIELD, MN 55423-3683

**RE:**      **Process Served in California**

**FOR:**     Best Buy  (Cross Ref Name)  (Domestic State: VA)
          Best Buy Stores, L.P. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ALEE KARIM, on behalf of himself and all others similarly situated, vs. BEST BUY |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Certificate, Declaration |
| **COURT/AGENCY:** | Alameda County Superior Court, CA<br>Case # 22CV014203 |
| **NATURE OF ACTION:** | Claims to have been charged for an auto-renewing subscription. |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/29/2022 at 01:49 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Alan R. Plutzik<br>Bramson, Plutzik, Mahler & Birkhaeuser<br>2125 Oak Grove Rd., #125<br>Walnut Creek, CA 94598<br>925-945-0200 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/30/2022, Expected Purge Date: 08/04/2022<br><br>Image SOP<br><br>Email Notification,  Legal Sop  ctlegalsop@bestbuy.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the



**CT Corporation**
**Service of Process Notification**
07/29/2022
CT Log Number 542019564

included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

## PROCESS SERVER DELIVERY DETAILS

**Date:**                               Fri, Jul 29, 2022
**Server Name:**                        Jimmy Lizama

| Entity Served | BEST BUY, INC. |
|---|---|
| Case Number | 22CV014203 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
|  |  |  |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BEST BUY CO., INC.,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ALEE KARIM, on behalf of himself and all others similarly situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
07/26/2022
Chad Finke, Executive Officer / Clerk of the Court
By: _____ A. Gospel _____ Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Alameda County Superior Court, 1225 Fallon Street, Oakland, CA 94612 | CASE NUMBER: *(Número del Caso):*<br>22CV014203 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Alan R. Plutzik, Bramson, Plutzik, Mahler & Birkhaeuser, 2125 Oak Grove Rd., #125, Walnut Creek, CA 94598 - 925-945-0200

DATE:
*(Fecha)* 07/26/2022 Chad Finke, Executive Officer / Clerk of the Court Clerk, by A. Gospel , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Best Buy, Inc.

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

For your protection and privacy, please press the Clear This Form button after you have printed the form. 　[ **Print this form** ]　[ Save this form ]　　[ **Clear this form** ]

**BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP**
Alan R. Plutzik (State Bar No. 77785)
aplutzik@bramsonplutzik.com
2125 Oak Grove Road, Suite 125
Walnut Creek, California 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792

**WITTELS MCINTURFF PALIKOVIC**
J. Burkett McInturff*
jbm@wittelslaw.com
18 Half Mile Road
Armonk, New York 10504
Telephone: (914) 319-9945
Facsimile: (914) 273-2563

*Motion for pro hac vice admission forthcoming*

[NAMES AND ADDRESSES OF ADDITIONAL
COUNSEL APPEAR ON SIGNATURE PAGE]

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
07/12/2022 at 11:25:16 AM
By: Xian-xii Bowie,
Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| **ALEE KARIM,** on behalf of himself and all others similarly situated,<br><br>               **Plaintiff,**<br><br>             **v.**<br><br>**BEST BUY CO., INC.,**<br><br>              **Defendant.** | Case No. 22CV014203<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Alee Karim ("Plaintiff"), by his undersigned attorneys, Bramson, Plutzik, Mahler & Birkhaeuser, LLP, and Wittels McInturff Palikovic, brings this consumer protection action in his individual capacity and on behalf of a class of consumers defined below against Defendant Best Buy Co., Inc., ("Best Buy"), and hereby alleges the following, with knowledge as to his own acts and upon information and belief as to all other acts:

## INTRODUCTION

1.      Best Buy is one of the nation's top consumer electronics retailers, with more than $49 billion in sales in 2020.[1] Once known for its big box stores,[2] in recent years Best Buy has increasingly relied on online sales to drive revenue, with online sales accounting for 43.1% of its total revenue in the United States in fiscal year 2021, up from just 15.5% in 2018.[3]

2.      Best Buy has sought to maximize its online revenue by aggressively and sometimes deceptively marketing internet security protection plans and other auto-renewing subscriptions to all customers regardless whether the customer expressed any interest in such services or any desire to purchase them.  Best Buy has described these service offerings as "FREE," without disclosing that the service will automatically convert into a paid, auto-renewing subscription at a later date unless the consumer cancels or takes other affirmative action, and without sending an email or other communication, before the auto-renewal of the service is imposed, to alert consumers that they are about to be charged for such renewal.  Additionally, Best Buy has made it difficult for consumers to cancel the unwanted subscriptions and the accompanying unauthorized charges.

---

[1] Sales of the leading 13 consumer electronics retailers in North America from 2010 to 2020, Statisa.com, available at https://www.statista.com/statistics/642322/leading-consumer-electronics-retailers-of-the-us/ (last visited July 1, 2022).
[2] Total number of Best Buy stores worldwide from 2010 to 2021, Statista.com, available at https://www.statista.com/statistics/249585/total-number-of-best-buy-stores-worldwide/ (July 1, 2022).
[3] Best Buy's online revenue as share of total revenue in the United States from FY 2018 to FY 2021*, Statista.com, available at https://www.statista.com/statistics/1124191/online-revenue-share-total-revenue-best-buy/ (July 1, 2022).

3.     Best Buy is well aware that its consumers are often surprised by unauthorized charges appearing on their payment method statements or accounts. Best Buy offers a customer service help page on its website on the topic of "Statement Charges," aimed at consumers who have "discovered a charge on your statement that you don't recognize[,]" including for internet security software subscriptions, and are trying to decipher what that charge is.[4] Since at least 2016, Best Buy's social media specialists have also included information on surprise charges "discovered" by consumers in a Customer Service Knowledge Base article on Best Buy's customer forums.[5]

4.     Indeed, Best Buy readily acknowledges that "[g]etting an unexpected charge on your bank account can be disconcerting, especially if it's for something you didn't want to sign up for, or have renew."[6] Yet Best Buy has made this unnerving experience part of its e-commerce business model, trapping consumers into unintended purchases of paid internet security subscriptions and other auto-renewing subscriptions.

5.     Only through a class action can Best Buy's customers remedy this wrongdoing. Because the monetary damages suffered by each customer are small compared to the much higher cost a single customer would incur in trying to challenge Best Buy's unlawful practices, it makes no financial sense for an individual customer to bring his or her own lawsuit. Furthermore, many customers do not realize they are victims of Best Buy's deceptive conduct and continue to be charged to this day. With this class action, Plaintiff and the Class seek redress for Best Buy's unfair business practices, including the recovery of the charges Best Buy has imposed on Plaintiff and the Class contrary to law.

---

[4] Statement Charges, BestBuy.com, available at https://www.bestbuy.com/site/help-topics/geek-squad-charges/pcmcat372900050006.c?id=pcmcat372900050006 (last visited July 1, 2022).
[5] Customer Service Knowledge Base: What is this Charge on my Statement?, BestBuy.com, available at https://forums.bestbuy.com/t5/Customer-Service-Knowledge-Base/What-is-this-Charge-on-my-Statement/ta-p/954656 (last visited July 1, 2022).
[6] Need Help with a Cancel or Renewal of a Subscription Service?, BestBuy.com, available at https://forums.bestbuy.com/t5/Other-Customer-Service-Support/Need-Help-with-a-Cancel-or-Renewal-of-a-Subscription-Service/m-p/1377205/highlight/true#M58742 (last visited July 1, 2022).

**JURISDICTION AND VENUE**

6.    This Court has personal jurisdiction over Best Buy because it conducts substantial business in Alameda County, has sufficient minimum contacts with this state, and otherwise purposely avails itself of the privileges of conducting business in California by marketing and selling products and services in California, and the injuries to California consumers that Plaintiff seeks to prevent through public injunctive relief arise directly from Best Buy's continuing conduct in California, including, but not limited to, directing its auto-enrollment and renewal practices at California consumers.

7.    Venue is proper in this Court pursuant to Code of Civil Procedure § 395 because Best Buy transacts business and receives significant payments from consumers in the County of Alameda, and a substantial part of the events or omissions giving rise to the claims occurred in this venue.

**PARTIES**

8.    **Plaintiff Alee Karim** is a natural person and a resident of Oakland, California, in the County of Alameda.  Best Buy enrolled him in a free 3-month subscription to Trend Micro internet security software at or around the time of his purchase of a television from Best Buy's website in February 2020 and began charging him for an auto-renewing monthly subscription to that software in May 2020.

9.    Plaintiff is a consumer who was victimized by Best Buy's auto-enrollment scheme, suffered injury in fact and lost money because of Best Buy's violations of California's consumer protection statutes and thus has standing to pursue public injunctive and other relief to protect California consumers from Best Buy's continuing violations.

10.    **Defendant Best Buy Co., Inc.** is a consumer electronics retailer whose headquarters is located at 7601 Penn Avenue South, Richfield, Minnesota.  Best Buy does business throughout California, including in Alameda County.

## FACTUAL ALLEGATIONS

### A.  Plaintiff Karim Purchases a Television and Receives Two Mysterious Emails

11.     On or around February 21, 2020, Plaintiff Alee Karim visited Best Buy's website bestbuy.com to purchase a television.

12.     Mr. Karim chose a television, added it to his online shopping cart on bestbuy.com, and began Best Buy's checkout process.

13.     Mr. Karim completed the Best Buy checkout process and authorized Defendant to charge $388.35 to his PayPal account for the television.

14.     Mr. Karim expected and intended his purchase of the television to be a one-time transaction and at no point during this transaction did Mr. Karim expect or intend to enter an ongoing billing relationship with Best Buy.

15.     Three days later, on February 24, 2020 at approximately 12:18 p.m. PST, Best Buy sent Mr. Karim an email with the nondescript subject line "We've received your order #BBY01-805692797405."  The email purported to provided "a summary of [his] purchase," thanked him "for shopping at Best Buy®," and advised that the Customer Care Team "appreciate[d]" Mr. Karim's business and "look[ed] forward to seeing [him] soon."  A copy of the 12:18 p.m. email is attached hereto as Exhibit 1.

16.     Under a section entitled "Services & Digital Downloads," the 12:18 p.m. email listed two items: "Best Buy – Total Tech Support Monthly Membership" and "Trend Micro Internet Security + Antivirus TTS."

17.     At no point on or prior to February 24, 2020 did Mr. Karim knowingly take any action to purchase either "Best Buy – Total Tech Support Monthly Membership" or "Trend Micro Internet Security + Antivirus TTS" nor did Mr. Karim knowingly give his affirmative consent to purchase any product or service that would automatically renew.

18.     Best Buy later charged Mr. Karim $2.99 on a recurring, monthly basis for the "Trend Micro" software.

19.     Under its own terms, which referred to a "purchase" and "order" that Mr. Karim had supposedly already made, the 12:18 p.m. email could not fulfill Best Buy's obligations under California's Automatic Renewal Law, BUS. & PROF. CODE § 17602(a)(1), which required Best Buy to present the automatic renewal offer terms in a clear and conspicuous manner *before the subscription or purchasing agreement is fulfilled.*  In any event, this email failed to present those offer terms in a clear and conspicuous manner because, among other defects, the language is presented in black, unbolded, unitalicized, and non-underlined text of the same font, size, and color as nearby text. *See id.* § 17601(c).

20.     Later in the 12:18 p.m. email, under the heading "Total Tech Support," Best Buy wrote "Your Total Tech Support plan with Internet Security software automatically renews each month" and "Your credit card will be charged $19.99 (or the then-current price) plus tax on your monthly renewal date unless you cancel before then.  Cancel anytime by calling 1-888-BEST BUY."

21.     These purported disclosures do not meet the additional requirements that California's Automatic Renewal Law places on business *after* purchase of an automatically renewing product or service.

22.     First, it is not clear to a reasonable consumer like Mr. Karim that this section labelled "Total Tech Support" applies to the "Trend Micro" program listed separately from "Total Tech Support" earlier in the email. Thus, the 12:18 email is not "an acknowledgement" within the meaning of BUS. & PROF. CODE §§ 17602(a)(3) and 17601(b) with respect to Trend Micro because the purported disclosures contained within the email refer to Total Tech Support, a different product or service than the Trend Micro program for which Mr. Karim was later charged.

23.     Second, to the extent that any purported disclosures within the 12:18 p.m. email could be said to reasonably apply to the Trend Micro program, they nonetheless violate California's ARL. Specifically, the "acknowledgment" required under Bus. & Prof. Code § 17602(a)(3) must "include[] the automatic renewal offer terms" which consists of five enumerated "clear and conspicuous disclosures," id. § 17601(b).  The 12:18 p.m. email failed to meet these standards in at least the following ways:

a.   None of the purported disclosures contained in the 12:18 p.m. are clear and conspicuous, because they are not in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language.

b.   The purported disclosures do not meet all five criteria that make up "automatic renewal offer terms" as defined by statute, Bus. & Prof. Code § 17601(b).  For example, the 12:18 p.m. email does not state that Mr. Karim would be charged $2.99 for Trend Micro, in violation of Bus. & Prof. Code § 17601(b)(3).

c.   Though sent in February 2020, the 12:18 p.m. email did not disclose that Best Buy would not begin charging Mr. Karim for the Trend Micro program until May 2020, and thus fails to meet the requirement in Bus. & Prof. Code § 17602(a)(3) that the acknowledgment disclose how Mr. Karim could cancel prior to paying for Trend Micro.

24.     Third, because Mr. Karim believes any purported acceptance of an offer to subscribe to this service (if at all, which he denies) occurred as part of his online purchase of a television set, Best Buy was obligated to provide an exclusively online method for cancellation (such as a pre-formatted cancellation email for the consumer to return).  See id. § 17602(c).

25.     Shortly after the 12:18 p.m. email, Best Buy sent a second email at approximately 12:27 p.m. PST on February 24, 2020.  This email listed "Trend Micro Internet Security + Antivirus TTS" under a section entitled "Services & Digital Downloads," but made no mention of the "Best Buy – Total Tech Support Monthly Membership" separately listed in the 12:18 p.m. email.  Nothing in this subsequent email sufficed to meet Best Buy's obligations under Bus. & Prof. Code §§ 17601 and 17602 as described above.  A copy of the 12:27 p.m. email is attached hereto as Exhibit 2.

**B. Best Buy Bills Plaintiff Karim for "Trend Micro" and Mr. Karim attempts to cancel.**

26.     Mr. Karim was never charged for "Best Buy – Total Tech Support Monthly Membership" despite the content of the 12:18 p.m. email, which was fine with Mr. Karim since he never desired that service nor knowingly enrolled in it.

27.     However, without Mr. Karim's knowing consent and even though Best Buy never complied with the legal disclosure requirements applicable to auto-renewing services, Best Buy began charging a monthly fee of $2.99 to Mr. Karim's credit card beginning on May 26, 2020.

28.     Later in 2020, Mr. Karim discovered that Best Buy had charged his credit card a recurring monthly fee of $2.99.  Surprised by the charge and wanting to avoid future charges for an internet security protection plan that he did not use and did not want, Mr. Karim attempted to cancel on bestbuy.com, but was not successful in terminating the automatic renewal of the Trend Micro antivirus program exclusively online, as required by BUS. & PROF. CODE § 17602(c).

29.     Best Buy continued to charge Mr. Karim's credit card a recurring fee of $2.99 on a monthly basis through July 25, 2021.

30.     On or around July 25, 2021, Mr. Karim sought to cancel again.  Because there was no self-service method of cancellation available on Best Buy's website, Mr. Karim ultimately placed a phone call to Best Buy's customer support.  Best Buy then cancelled the recurring charge, but by then had already charged Mr. Karim $44.85 for 15 months of an anti-virus program he never wanted or intended to use and, indeed, had never even downloaded.

31.     At no point did Mr. Karim receive the clear and conspicuous disclosures from Best Buy required by law when a consumer is offered a product or service which will auto-renew in the future.  Had Mr. Karim received those clear and conspicuous disclosures and been clearly asked for his affirmative consent to be charged for an "internet security" or anti-virus plan or service, he would have refused to give such consent.  Further, had Best Buy provided to Mr. Karim a clearly disclosed

and easily accessible means for online cancellation of the plan or service which it was charging him for, Mr. Karim would have used that online procedure in late 2020 and would have avoided monthly charges which Best Buy collected from him.

32.     Mr. Karim intends to purchase products and services in the future for himself and his family from electronics retailers, including Best Buy, as long as he can gain some confidence in Best Buy's representations about its services and automatic enrollment and renewal practices.

## CLASS ACTION ALLEGATIONS

33.     As alleged throughout this Complaint, the Class claims all derive directly from a single course of conduct by Best Buy.  Best Buy has engaged in uniform and standardized conduct toward the Class—its autoenrollment and subscription billing tactics—and this case is about the responsibility of Best Buy, at law and in equity, for that conduct.

34.     Plaintiff Karim sues on his own behalf and on behalf of a Class for damages and injunctive relief under California Code of Civil Procedure § 382 and Civil Codes §1781.

35.     The Class is preliminarily defined as follows:

> All California consumers who have been charged by Best Buy for an auto-renewing subscription for any product or service in connection with a purchase made via the Best Buy website from July 11, 2018 to the date of judgment.  The following entities and individuals are not Class Members:  (a) Best Buy and any and all of its predecessors, successors, assigns, parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, and attorneys, and any and all of the parents', subsidiaries', and affiliates' present and former predecessors, successors, assigns, directors, officers, employees, agents, representatives, and attorneys; (b) any judicial officer presiding over the Action, or any member of his or her immediate family or of his or her judicial staff.

36.     Plaintiff does not know the exact size of the Class, since such information is in the exclusive control of Defendant.  Plaintiff believes, however, that the Class encompasses at least several thousand Class Members.  Accordingly, the members of the Class are so numerous that joinder of all such persons is impracticable.

37.     The Class is united by a community of interest and is ascertainable.  It is ascertainable because its members can be readily identified using data and information kept by Best Buy in the usual course of business and within its control.

38.     The Named Plaintiff is an adequate class representative.  His claims are typical of the claims of the Class and do not conflict with the interests of any other members of the Class.  Plaintiff and the other members of the Class were subject to the same or similar enrollment and billing practices engineered by Best Buy.  Further, Plaintiff and members of the Class sustained substantially the same injuries arising out of Best Buy's conduct.

39.     Plaintiff will fairly and adequately protect the interests of all Class members.  Plaintiff has common interests with all members of the Class and will vigorously protect the interests of the Class through the qualified and experienced class action attorneys he has hired to represent his interests and those of the Class.

40.     Questions of law and fact are common to the Class and predominate over any questions affecting only individual Class members, and a class action will generate common answers to the questions below, which are apt to drive the resolution of this action:

     a.  Whether Best Buy's conduct violates the applicable California consumer protection statutes;

     b.  Whether Class Members have been injured by Best Buy' conduct;

     c.  Whether, and to what extent, equitable relief and/or other relief should be imposed on Best Buy, and, if so, the nature of such relief.; and

     d.  The extent of class-wide injury and the measure of damages for those injuries.

41.     Given the common questions to be resolved, a class action is superior to all other available methods for resolving this controversy because i) the prosecution of separate actions by Class members will create a risk of adjudications with respect to individual Class members that will, as a practical matter, be dispositive of the interests of the other Class members not parties to this

action, or substantially impair or impede their ability to protect their interests; ii) the prosecution of separate actions by Class members will create a risk of inconsistent or varying adjudications with respect to individual Class members, which will establish incompatible standards for Best Buy's conduct; iii) Best Buy has acted or refused to act on grounds generally applicable to all Class members; and iv) questions of law and fact common to the Classes predominate over any questions affecting only individual Class members.

42. Plaintiffs and the members of the class are entitled to an award of attorneys' fees and costs against Best Buy.

WHEREFORE, Plaintiffs, on behalf of themselves and all other similarly situated, pray for judgement as set forth below.

## CAUSES OF ACTION

## COUNT 1

### CALIFORNIA AUTOMATIC RENEWAL LAW

43. Plaintiff incorporates by reference all preceding and subsequent paragraphs.

44. Plaintiff brings this claim on his own behalf and on behalf of each Class member.

45. The California Automatic Renewal Law, BUS. & PROF. CODE §§ 17600 *et seq.*, became effective on December 1, 2010.

46. BUS. & PROF. CODE §§ 17600 *et seq.*, declares unlawful "the practice of ongoing charging of consumer credit or debit cards or third-party payment accounts without the consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service." To ensure that result, the law requires certain clear disclosures be made to any consumer being offered a product or service which will automatically renew at some point in the future. Best Buy's conduct as alleged in this Complaint was unlawful because it failed to comply with the requirements of BUS. & PROF. CODE § 17602. Best Buy's failures to comply include at least the following independent violations:

a. Best Buy failed to present the terms of its automatic renewal or continuous service offer in a clear and conspicuous manner before fulfilling the subscription and in visual proximity to the request for consent to the offer, as required by BUS. & PROF. CODE § 17602(a)(1);

b. Best Buy charged Plaintiff's and the Class's credit or debit cards, or the consumer's account with a third party, for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous offer terms, as required by BUS. & PROF. CODE § 17602(a)(2);

c. Best Buy failed to provide an acknowledgment that includes the automatic renewal offer terms or continuous offer terms, cancellation policy, and information regarding how to cancel, and to allow Plaintiff and the Class to cancel the automatic renewal or continuous service before they paid for it, as required by BUS. & PROF. CODE § 17602(a)(3);

d. Best Buy failed to provide a toll-free telephone number, electronic mail address, a postal address or another cost-effective, timely, and easy-to-use mechanism for cancellation described in BUS. & PROF. CODE § 17602(a)(3), as required by BUS. & PROF. CODE § 17602(b);

e. Best Buy failed to allow Plaintiff and the Class to terminate the automatic renewal or continuous service exclusively online, as required by BUS. & PROF. CODE § 17602(c).

47.     Plaintiff and the Class are entitled to a declaration that Best Buy's conduct was and is unlawful in that it fails to comply with the requirements of the Automatic Renewal Law.

## COUNT 2

## CALIFORNIA UNFAIR COMPETITION LAW–UNLAWFUL BUSINESS PRACTICES

48.     Plaintiff incorporates by reference all preceding and subsequent paragraphs.

49.     Plaintiff brings this claim on his own behalf and on behalf of the Class.

50.     BUS. & PROF. CODE § 17200 *et seq.* (the "Unfair Competition Law" or "UCL") prohibits acts of "unfair competition," including any unlawful, fraudulent or unfair business acts or practices as well as any acts contrary to the requirements of BUS. & PROF. CODE § 17500.

51.     Under the "unlawful" prong of the UCL, a violation of another law is treated as unfair competition and is independently actionable.

52.     Best Buy committed unlawful business practices under the UCL because it imposed charges without complying with all applicable requirements of BUS. & PROF. CODE §§ 17600 *et seq.*, as alleged above.

53.     As a result of Best Buy' unlawful and unfair business practices, Plaintiff suffered an injury in fact and lost money or property.

54.     Pursuant to BUS. & PROF CODE §17203, Plaintiff and the Class are entitled to an order: (1) requiring Best Buy to make restitution to Plaintiff and the Class; (2) enjoining Best Buy from charging Plaintiff's and Class members' credit cards, debit cards, and/or third party payment accounts until such time as Best Buy obtains the consumer's affirmative consent to an agreement that contains clear and conspicuous disclosures of all automatic renewal or continuous service offer terms and meets all other legal requirements; and (3) enjoining Best Buy from making automatic renewal or continuous service offers in the State of California that do not comply with the California Automatic Renewal Law.

### COUNT 3

### CALIFORNIA UNFAIR COMPETITION LAW–UNFAIR BUSINESS PRACTICES

55.     Plaintiff incorporates by reference all preceding and subsequent paragraphs.

56.     Plaintiff brings this claim on his own behalf and on behalf of the Class.

57.     BUS. & PROF. CODE §§ 17200 *et seq.* (the "Unfair Competition Law" or "UCL") prohibits acts of "unfair competition," including any unlawful, fraudulent or unfair business acts or practices as well as any acts contrary to the requirements of BUS. & PROF. Code § 17500.

58.     The courts have adopted differing tests for determining whether a business act or practice is "unfair" under the UCL.  Best Buy's practices as alleged above were and are "unfair" and therefore violative of the UCL, under any and all of these tests.  Best Buy's practices have resulted in substantial injury to consumers that was not outweighed by any countervailing benefits to

consumers or to competition and was not reasonably avoidable by the consumers themselves. Alternatively, Best Buy's practices offended an established public policy and/or were immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.  Alternatively, Best Buy's practices were contrary to a public policy "tethered" to a specific constitutional, statutory or regulatory provision.

59.    As a result of Best Buy's unlawful and unfair business practices, Plaintiff suffered an injury in fact and lost money or property.

60.    Pursuant to BUS. & PROF CODE §17203, Plaintiff and the Class are entitled to an order: (1) requiring Best Buy to make restitution to Plaintiff and the Class; (2) enjoining Best Buy from charging Plaintiff's and Class members' credit cards, debit cards, and/or third party payment accounts until such time as Best Buy obtains the consumer's affirmative consent to an agreement that contains clear and conspicuous disclosures of all automatic renewal or continuous service offer terms and meets all other legal requirements; and (3) enjoining Best Buy from making automatic renewal or continuous service offers in the State of California that do not comply with California Automatic Renewal Law.

## COUNT 4

## CALIFORNIA UNFAIR COMPETITION LAW–FRAUDULENT PRACTICES AND FALSE ADVERTISING

61.    Plaintiff incorporates by reference all preceding and subsequent paragraphs.

62.    Plaintiff brings this claim on his own behalf and on behalf of the Class.

63.    BUS. & PROF. CODE § § 17200, *et seq.* (the "Unfair Competition Law" or "UCL") prohibits acts of "unfair competition," including any unlawful, fraudulent or unfair business acts or practices as well as any acts contrary to the requirements of BUS. & PROF. CODE § 17500.

64.    Best Buy's acts, omissions, nondisclosures, and misleading statements as alleged herein were and are false, misleading, and/or likely to deceive the consuming public, and thus

constituted fraudulent business practices in violation of the UCL. Moreover, those acts, omissions, nondisclosures, and misleading statements were contrary to the provisions of the False Advertising Law, BUS. & PROF. CODE § 17500 and constitute violations of the UCL for that reason as well.

65.     As a result of Best Buy's unlawful and unfair business practices, Plaintiff suffered an injury in fact and lost money or property.

66.     Pursuant to BUS. & PROF. CODE §17203, Plaintiff and the Class are entitled to an order: (1) requiring Best Buy to make restitution to Plaintiff and the Class; (2) enjoining Best Buy from charging Plaintiff's and Class members' credit cards, debit cards, and/or third party payment accounts until such time as Best Buy obtains the consumer's affirmative consent to an agreement that contains clear and conspicuous disclosures of all automatic renewal or continuous service offer terms and meets all other legal requirements; and (3) enjoining Best Buy from making automatic renewal or continuous service offers in the State of California that do not comply with California Automatic Renewal Law.

## COUNT 5

### CALIFORNIA CONSUMERS LEGAL REMEDIES ACT

67.     Plaintiff incorporates by reference all preceding and subsequent paragraphs.

68.     Plaintiff brings this claim on his own behalf and on behalf of the Class.

69.     The California Consumers Legal Remedies Act (the "CLRA"), CIV. CODE § 1770(a)(14), prohibits certain specified unlawful acts and practices if utilized in connection with any transaction involving the sale or lease of goods or services to a consumer.

70.     Best Buy violated CIV. CODE § 1770, subdivisions (a)(5), (a)(9), (a)(14) and (a)(16) by, inter alia, representing that Best Buy's goods and services have certain characteristics that they do not have; advertising goods and services with the intent not to sell them as advertised; representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve,

or that are prohibited by law; and representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

71.     Plaintiff and the Class members are "consumers" within the meaning of CIV. CODE § 1761(d) in that Plaintiff and the Class members were charged by Best Buy in connection with transactions involving goods or services sought or acquired for personal, family, or household purposes.

72.     Best Buy's internet security protection plans and other auto-renewing subscriptions constitute "services" within the meaning of CIV. CODE § 1761(b).

73.     Plaintiff has standing to pursue these claims because he suffered injury in fact and a loss of money and/or property as a result of the wrongful conduct alleged herein.  Plaintiff neither intended to nor knowingly did purchase any internet security protection services from Best Buy, nor did Plaintiff expect or intend to be charged for such a service on an "auto-renewing" basis.  But for Best Buy's wrongful practices, Plaintiff would not have been charged for such a service.  Yet he was charged, and paid, for that service.

74.     The charges imposed by Best Buy, purportedly in exchange for auto-renewing subscriptions, to Plaintiff and Class Members are "transactions" within the meaning of CIV. CODE § 1761(e).

75.     As a direct and proximate result of result of Best Buy's violations of the CLRA, Plaintiff and the Class were wrongfully charged fees for Best Buy's auto-renewing subscriptions.

76.     Accordingly, Plaintiff and the Class Members seek an injunction prohibiting Best Buy from engaging in the unlawful practices alleged herein.  If Best Buy fails to rectify or agree to rectify the unlawful acts detailed above and give notice to all affected consumers within 30 days of written notice pursuant to § 1782 of the CLRA, Plaintiff will amend this Complaint to add claims for

compensatory damages, and restitution of any ill-gotten gains due to Best Buy's acts and practices, as well as any other remedies the Court may deem appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

(a)     Issue an order certifying the Class defined above, appointing Plaintiff as Class representative, and designating Bramson, Plutzik, Mahler & Birkhaeuser, LLP and Wittels McInturff Palikovic as Class Counsel;

(b)     Find that Best Buy has committed the violations of law alleged herein;

(c)     Enter an appropriate order awarding restitution and monetary damages to the Class;

(d)     Enter an order granting appropriate injunctive relief on behalf of the Class;

(e)     Award pre-judgment interest, costs, reasonable attorneys' fees and expenses; and

(f)  Grant all such other relief as the Court deems appropriate.


Dated:  July 11, 2022

**BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP**




_____
Alan R. Plutzik

Alan R. Plutzik (Bar No. 77785)
aplutzik@bramsonplutzik.com
Robert M. Bramson (Bar No. 102006)
rbramson@bramsonplutzik.com
Daniel E. Birkhaeuser (Bar No. 136646)
dbirkhaeuser@bramsonplutzik.com
2125 Oak Grove Road, Suite 125
Walnut Creek, California 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WITTELS MCINTURFF PALIKOVIC**

By:   /s/ J. Burkett McInturff
        J. Burkett McInturff*
        jbm@wittelslaw.com
        Jessica L. Hunter*
        jlh@wittelslaw.com
        18 Half Mile Road
        Armonk, New York 10504
        Telephone: (914) 319-9945
        Facsimile: (914) 273-2563

*Counsel for Plaintiff*

*  Motion  for  pro  hac  vice  admission
   forthcoming*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Alan R. Plutzik (SBN: 77785)<br>Bramson, Plutzik, Mahler & Birkhaeuse, r2125 Oak Grove Rd., #125, Walnut Creek, CA | |

TELEPHONE NO.:925-945-0200     FAX NO. *(Optional)*:
E-MAIL ADDRESS:aplutzik@bramsonplutzik.com
ATTORNEY FOR *(Name)*:Plaintiff Alee Karim

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS:1225 Fallon Street
MAILING ADDRESS
CITY AND ZIP CODE:Oakland, CA  94612
BRANCH NAME:

CASE NAME:
ALEE KARIM V. BEST BUY CO., INC.

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**07/12/2022 at 11:25:16 AM**
By: Xian-xii Bowie,
Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000)   [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **22CV014203**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[x] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties    d. [x] Large number of witnesses
  b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  c. [x] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary   b. [x] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*: 5
5. This case [x] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date:  July 11, 2022
Alan R. Pllutzik

     (TYPE OR PRINT NAME)       ▶       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

*ELECTRONICALLY FILED*
*Unified Rules of the Superior Court of California, County of Alameda*
Superior Court of California,
County of Alameda

F. ADDENDUM TO CIVIL CASE COVER SHEET

**Short Title: Alee Karim v. Best Buy Co., Inc.**

Case Number:

07/12/2022 at 11:25:16 AM

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE**
**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

By: Xian-xii Bowie,
Deputy Clerk

[ xx ] Oakland, Rene C. Davidson Alameda County Courthouse  (446)

[  ] Hayward Hall of Justice  (447)
[  ] Pleasanton, Gale-Schenone Hall of Justice  (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case?  [  ] yes  [  ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ XX ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

**Is the deft. in possession of the property?  [  ] Yes  [  ] No** (for Unlawful Detainer)

**Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [  ] Yes  [  ] No** (for Judicial Review)

202-19 (5/1/00)

A-13

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| **COURTHOUSE ADDRESS:** Rene C. Davidson Courthouse Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED** Superior Court of California County of Alameda 07/12/2022 Clad Flhke, Execitue Officer / Clerk of the Court By: _____ Deputy X. Bowie |
| **PLAINTIFF:** Alee Karim | |
| **DEFENDANT:** Best Buy  Co., Inc. | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | **CASE NUMBER:** 22CV014203 |

**TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

> Date: **11/09/2022**   Time: **8:30 AM**   Dept.: **23**
>
> Location:  Rene C. Davidson Courthouse
>              Administration Building, 1221 Oak Street, Oakland, CA 94612

**TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:**

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

**TO ALL PARTIES** who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>07/12/2022<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _____ Deputy<br>X. Bowie |
| PLAINTIFF/PETITIONER:<br>Alee Karim | |
| DEFENDANT/RESPONDENT:<br>Best Buy Co., Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22CV014203 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Alan Plutzik
Bramson Plutzik Mahler & Birkhaeuser
2125 Oak Grove Road Suite 125
Walnut Creek, CA 94598

Chad Finke, Executive Officer / Clerk of the Court

Dated: 07/14/2022                           By:

X. Bowie, Deputy Clerk

1

**BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP**

2

Alan R. Plutzik (State Bar No. 77785)

aplutzik@bramsonplutzik.com

3

2125 Oak Grove Road, Suite 125

Walnut Creek, California 94598

4

Telephone: (925) 945-0200

Facsimile: (925) 945-8792

5

6

**WITTELS MCINTURFF PALIKOVIC**

J. Burkett McInturff*

7

jbm@wittelslaw.com

18 Half Mile Road

8

Armonk, New York 10504

Telephone: (914) 319-9945

9

Facsimile: (914) 273-2563

10

*\* Motion for pro hac vice admission forthcoming*

11

12

13

SUPERIOR COURT OF THE STATE OF CALIFORNIA

14

COUNTY OF ALAMEDA

15

16

**ALEE KARIM,** on behalf of himself and all

others similarly situated,

17

18

**Plaintiff,**

19

**v.**

20

21

**BEST BUY CO., INC.,**

22

**Defendant.**

23

24

25

26

27

28

Case No.  **22CV014203**

**DECLARATION OF VENUE**

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
07/12/2022 at 11:25:16 AM
By: Xian-xii Bowie,
Deputy Clerk

DECLARATION OF VENUE

## DECLARATION REGARDING VENUE

I, Alan R. Plutzik, declare:

1.     I am counsel for the plaintiff in this action.  I submit this Declaration pursuant to Civil Code § 1780(c).

2.     This action is being filed in a county described in §1780(c) as a proper place for the trial of this action as alleged in the Complaint.

3.     On information and belief, Defendant Best Buy Co., Inc. is currently doing business in Alameda County.

4.     The Plaintiff in this action resides in Alameda County.  Plaintiff logged on to Best Buy Co., Inc.'s website, bestbuy.com, from Alameda County in February 2020 to purchase a television set from Defendant.  That television purchase allegedly led to the imposition of automatically recurring charges imposed upon Plaintiff by Defendant – charges which underlie the claims asserted in the complaint.

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed at Walnut Creek, California this 11ᵗʰ day of July 2022.

_____
Alan R. Plutzik



# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
>
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
>
> - Agreeing to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email: adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/divisions/civil/adr

### What Are the Advantages of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.
- *Cheaper* – Parties can save on attorneys' fees and litigation costs.
- *More control and flexibility* – Parties choose the ADR process appropriate for their case.
- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.
- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is the Disadvantage of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program**: Mediators do not charge fees for the first two hours of mediation.  If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

o **Judicial Arbitration Program** (non-binding): The judge can refer a case, or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court.  If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs in Alameda County

Low-cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services.  Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377  Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephones: (925) 337-7175 | (925) 337-2915 (Spanish)
Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607 Telephone: (510) 768-3100 Website: www.cceb.org Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ALA ADR-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| | |

TELEPHONE NO.:                              FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**

STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 24405 Amador Street, Hayward, CA 94544 or Fax to (510) 267-5727.

1. Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

   Date:                              Time:                              Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process *(check one)*:

   ☐ Court mediation                   ☐ Judicial arbitration

   ☐ Private mediation                 ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶ _____
         (TYPE OR PRINT NAME)                              (SIGNATURE OF PLAINTIFF)

Date:

_____          ▶ _____

| Form Approved for Mandatory Use Superior Court of California, County of Alameda ALA ADR-001 [New January 1, 2010] | **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | Cal. Rules of Court, rule 3.221(a)(4) |
|---|---|---|

(TYPE OR PRINT NAME)                    (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

**ALA ADR-001**

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____        ▶ _____

      (TYPE OR PRINT NAME)                    (SIGNATURE OF DEFENDANT)

Date:

_____        ▶ _____

      (TYPE OR PRINT NAME)                    (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Alan Plutzik, 077785<br>Bramson Plutzik Mahler & Birkhaeuser<br>2125 Oak Grove Road, Suite 125<br>Walnut Creek, CA 94598<br>　TELEPHONE NO.: (925) 945-0200<br>ATTORNEY FOR *(Name)*: Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>08/15/2022 at 10:50:27 AM<br>By: Andrei Gospel,<br>Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| Superior Court of California, Alameda County<br>1225 Fallon Street,  #109<br>Oakland, CA 94612-4293 |

| PLAINTIFF/PETITIONER: ALEE KARIM, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: BEST BUY CO., INC. | 22CV014203 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Karim |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:

Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet - Addendum, Notice of Case Management Conference, Summons, Declaration of Venue, Alternative Dispute Resolution Package

3. a. Party served:  Best Buy Co., Inc.

   b. Person Served: CT Corp - Sarai Marin, Process Specialist - Person Authorized to Accept Service of Process

4. Address where the party was served: 330 North Brand Blvd, #700
                               Glendale, CA 91203
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
     receive service of process for the party (1) on (date): 07/29/2022       (2) at (time): 12:43PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   Best Buy Co., Inc.
   under: CCP 416.10 (corporation)
7. **Person who served papers**
   a. Name:        Devon Fitzgerald
   b. Address:     One Legal - P-000618-Sonoma
                  1400 North McDowell Blvd, Ste 300
                  Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 40.00
   e I am:
      (3)  registered California process server.
        (i)  Employee or independent contractor.
        (ii)  Registration No.: 2022016931
        (iii)  County:  Los Angeles

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 07/29/2022

Devon Fitzgerald
(NAME OF PERSON WHO SERVED PAPERS)                  (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>OL# 18636668 |
|---|---|---|

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Rene C. Davidson Courthouse

| | |
|---|---|
| Alee Karim | No.      22CV014203 |
| Plaintiff/Petitioner(s) | |
| vs. | Date:    08/12/2022 |
| Best Buy  Co., Inc. | Time:    9:30 AM |
| Defendant/Respondent(s) | Dept:    23 |
| | Judge:   Brad Seligman |

ORDER re: Complex Determination

Hearing

The Complex Determination Hearing scheduled for 08/12/2022 is continued to 10/11/2022 at 3:00 PM in Department 23 at Rene C. Davidson Courthouse.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

Dated: 08/12/2022

Brad Seligman / Judge

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse, Department 23

## JUDICIAL OFFICER: HONORABLE BRAD SELIGMAN

Courtroom Clerk: Christopher Wright                                    CSR: None

---

**22CV014203**                                                      August 12, 2022
                                                                          9:30 AM
**KARIM**
 **vs**
**BEST BUY  CO., INC.**

---

### MINUTES

**APPEARANCES:**

No Appearances

**NATURE OF PROCEEDINGS: Complex Determination Hearing**

The Complex Determination Hearing scheduled for 08/12/2022 is continued to 10/11/2022 at
3:00 PM in Department 23 at Rene C. Davidson Courthouse.

The Court orders counsel to obtain a copy of this order from the eCourt portal.


By:          C. Wright, Deputy Clerk
                         Minutes of: 08/12/2022
                         Entered on: 08/12/2022

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda

07/12/2022

Chad Finke , Executive Officer / Clerk of the Court

By: _____ Deputy

X. Bowie

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
Administration Building, 1221 Oak Street, Oakland, CA 94612

PLAINTIFF:
Alee Karim

DEFENDANT:
Best Buy  Co., Inc.

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
22CV014203

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

> Date: 11/09/2022    Time: 8:30 AM    Dept.: 23
>
> Location:  Rene C. Davidson Courthouse
>           Administration Building, 1221 Oak Street, Oakland, CA 94612

TO  DEFENDANT(S)/ATTORNEY(S)  FOR  DEFENDANT(S)  OF  RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

**FILED**
Superior Court of California
County of Alameda

07/12/2022

Chad Finke, Executive Officer / Clerk of the Court

By: _____ Deputy

X. Bowie

PLAINTIFF/PETITIONER:
Alee Karim

DEFENDANT/RESPONDENT:
Best Buy  Co., Inc.

## CERTIFICATE OF MAILING

CASE NUMBER:
22CV014203

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Alan Plutzik
Bramson Plutzik Mahler & Birkhaeuser
2125 Oak Grove Road Suite 125
Walnut Creek, CA 94598

Chad Finke, Executive Officer / Clerk of the Court

Dated: 07/14/2022                    By:

X. Bowie, Deputy Clerk

## CERTIFICATE OF MAILING