1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP**
Robert M. Bramson (State Bar No. 102006)
rbramson@bramsonplutzik.com
Alan R. Plutzik (State Bar No. 77785)
aplutzik@bramsonplutzik.com
2125 Oak Grove Road, Suite 125
Walnut Creek, California 94598
Telephone: (925) 945-0200

**WITTELS MCINTURFF PALIKOVIC**
J. Burkett McInturff*
jbm@wittelslaw.com
18 Half Mile Road
Armonk, New York 10504
Telephone: (914) 319-9945
Facsimile: (914) 273-2563

* *Motion for pro hac vice admission forthcoming*

[NAMES AND ADDRESSES OF ADDITIONAL
COUNSEL APPEAR ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALEE KARIM,** on behalf of himself and all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**BEST BUY CO., INC. and BESTBUY.COM, LLC**<br><br>**Defendants.** | Case No. 3:22-CV-4909 JST<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1

2

Plaintiff Alee Karim ("Plaintiff"), by his undersigned attorneys, Bramson, Plutzik, Mahler &

3

Birkhaeuser, LLP, and Wittels McInturff Palikovic, brings this consumer protection action in his

4

individual capacity and on behalf of a class of consumers defined below against Defendants Best

5

Buy Co., Inc. and BestBuy.com, LLC (together "Best Buy"), and hereby alleges the following, with

6

knowledge as to his own acts and upon information and belief as to all other acts:

7

8

## INTRODUCTION

9

1.      Best Buy is one of the nation's top consumer electronics retailers, with more than $49

10

billion in sales in 2020.[1]  Once known for its big box stores,[2] in recent years Best Buy has increasingly

11

relied on online sales to drive revenue, with online sales accounting for 43.1% of its total revenue in

12

the United States in fiscal year 2021, up from just 15.5% in 2018.[3]

13

2.      Best Buy has sought to maximize its online revenue by aggressively and sometimes

14

deceptively marketing internet security protection plans and other auto-renewing subscriptions to all

15

16

customers regardless whether the customer expressed any interest in such services or any desire to

17

purchase them.  Best Buy has described these service offerings as "FREE," without disclosing that

18

the service will automatically convert into a paid, auto-renewing subscription at a later date unless

19

20

the consumer cancels or takes other affirmative action, and without sending an email or other

21

communication, before the auto-renewal of the service is imposed, to alert consumers that they are

22

23

24

[1] Sales of the leading 13 consumer electronics retailers in North America from 2010 to 2020,

25

Statisa.com, available at https://www.statista.com/statistics/642322/leading-consumer-electronics-retailers-of-the-us/ (last visited July 1, 2022).

26

[2] Total number of Best Buy stores worldwide from 2010 to 2021, Statista.com, available at https://www.statista.com/statistics/249585/total-number-of-best-buy-stores-worldwide/ (July 1, 2022).

27

[3] Best Buy's online revenue as share of total revenue in the United States from FY 2018 to FY

28

2021*, Statista.com, available at https://www.statista.com/statistics/1124191/online-revenue-share-total-revenue-best-buy/ (July 1, 2022).

about to be charged for such renewal.  Additionally, Best Buy has made it difficult for consumers to cancel the unwanted subscriptions and the accompanying unauthorized charges.

3.    Best Buy is well aware that its consumers are often surprised by unauthorized charges appearing on their payment method statements or accounts.  Best Buy offers a customer service help page on its website on the topic of "Statement Charges," aimed at consumers who have "discovered a charge on your statement that you don't recognize[,]" including for internet security software subscriptions, and are trying to decipher what that charge is.[4]  Since at least 2016, Best Buy's social media specialists have also included information on surprise charges "discovered" by consumers in a Customer Service Knowledge Base article on Best Buy's customer forums.[5]

4.    Indeed, Best Buy readily acknowledges that "[g]etting an unexpected charge on your bank account can be disconcerting, especially if it's for something you didn't want to sign up for, or have renew."[6]  Yet Best Buy has made this unnerving experience part of its e-commerce business model, trapping consumers into unintended purchases of paid internet security subscriptions and other auto-renewing subscriptions.

5.    Only through a class action can Best Buy's customers remedy this wrongdoing.  Because the monetary damages suffered by each customer are small compared to the much higher cost a single customer would incur in trying to challenge Best Buy's unlawful practices, it makes no financial sense for an individual customer to bring his or her own lawsuit.  Furthermore, many customers do not realize they are victims of Best Buy's deceptive conduct and continue to be charged to this day.  With this class action, Plaintiff and the Class seek redress for Best Buy's unfair business

---

[4]  Statement Charges, BestBuy.com, available at https://www.bestbuy.com/site/help-topics/geek-squad-charges/pcmcat372900050006.c?id=pcmcat372900050006 (last visited July 1, 2022).
[5]  Customer Service Knowledge Base: What is this Charge on my Statement?, BestBuy.com, available at https://forums.bestbuy.com/t5/Customer-Service-Knowledge-Base/What-is-this-Charge-on-my-Statement/ta-p/954656 (last visited July 1, 2022).
[6]  Need Help with a Cancel or Renewal of a Subscription Service?, BestBuy.com, available at https://forums.bestbuy.com/t5/Other-Customer-Service-Support/Need-Help-with-a-Cancel-or-Renewal-of-a-Subscription-Service/m-p/1377205/highlight/true#M58742 (last visited July 1, 2022).

practices, including the recovery of the charges Best Buy has imposed on Plaintiff and the Class contrary to law.

## JURISDICTION AND VENUE

6.      This action was originally filed in the Superior Court of the State of California, Alameda County, but was thereafter removed to this Court by defendant Best Buy Co., Inc., citing the provisions of 28 U.S.C. § 1332(d).

7.      Venue is proper in the Oakland Division of the United States Court for the Northern District of California because this action was removed to this Court from the Superior Court for the County of Alameda, California.

## PARTIES

8.      **Plaintiff Alee Karim** is a natural person and a resident of Oakland, California, in the County of Alameda.  Best Buy enrolled him in a free 3-month subscription to Trend Micro internet security software at or around the time of his purchase of a television from Best Buy's website in February 2020 and began charging him for an auto-renewing monthly subscription to that software in May 2020.

9.      Plaintiff is a consumer who was victimized by Best Buy's auto-enrollment scheme, suffered injury in fact and lost money because of Best Buy's violations of California's consumer protection statutes and thus has standing to pursue public injunctive and other relief to protect California consumers from Best Buy's continuing violations.

10.     **Defendant Best Buy Co., Inc.** is a consumer electronics retailer whose headquarters is located at 7601 Penn Avenue South, Richfield, Minnesota.  Best Buy does business throughout California, including in Alameda County.  Defendant BestBuy.com, LLC is a Virginia limited liability company which is indirectly owned and controlled by Best Buy Co., Inc. and which also is located at 7601 Penn Avenue South, Richfield, Minnesota.  On information and belief, BestBuy.com,

LLC is an entity which operates BestBuy.com and related Best Buy digital sales channels and mobile applications and is responsible for the acts and omissions alleged herein.

### FACTUAL ALLEGATIONS

#### A. Plaintiff Karim Purchases a Television and Receives Two Mysterious Emails

11.    On or around February 21, 2020, Plaintiff Alee Karim visited Best Buy's website bestbuy.com to purchase a television.

12.    Mr. Karim chose a television, added it to his online shopping cart on bestbuy.com, and began Best Buy's checkout process.

13.    Mr. Karim completed the Best Buy checkout process and authorized Defendant to charge $388.35 to his PayPal account for the television.

14.    Mr. Karim expected and intended his purchase of the television to be a one-time transaction and at no point during this transaction did Mr. Karim expect or intend to enter an ongoing billing relationship with Best Buy.

15.    Three days later, on February 24, 2020 at approximately 12:18 p.m. PST, Best Buy sent Mr. Karim an email with the nondescript subject line "We've received your order #BBY01-805692797405." The email purported to provided "a summary of [his] purchase," thanked him "for shopping at Best Buy®," and advised that the Customer Care Team "appreciate[d]" Mr. Karim's business and "look[ed] forward to seeing [him] soon." A copy of the 12:18 p.m. email is attached hereto as Exhibit 1.

16.    Under a section entitled "Services & Digital Downloads," the 12:18 p.m. email listed two items: "Best Buy – Total Tech Support Monthly Membership" and "Trend Micro Internet Security + Antivirus TTS."

17.    At no point on or prior to February 24, 2020 did Mr. Karim knowingly take any action to purchase either "Best Buy – Total Tech Support Monthly Membership" or "Trend Micro Internet

Security + Antivirus TTS" nor did Mr. Karim knowingly give his affirmative consent to purchase any product or service that would automatically renew.

18.    Best Buy later charged Mr. Karim $2.99 on a recurring, monthly basis for the "Trend Micro" software.

19.    Under its own terms, which referred to a "purchase" and "order" that Mr. Karim had supposedly already made, the 12:18 p.m. email could not fulfill Best Buy's obligations under California's Automatic Renewal Law, Bus. & Prof. Code § 17602(a)(1), which required Best Buy to present the automatic renewal offer terms in a clear and conspicuous manner *before the subscription or purchasing agreement is fulfilled*. In any event, this email failed to present those offer terms in a clear and conspicuous manner because, among other defects, the language is presented in black, unbolded, unitalicized, and non-underlined text of the same font, size, and color as nearby text. *See id*. § 17601(c).

20.    Later in the 12:18 p.m. email, under the heading "Total Tech Support," Best Buy wrote "Your Total Tech Support plan with Internet Security software automatically renews each month" and "Your credit card will be charged $19.99 (or the then-current price) plus tax on your monthly renewal date unless you cancel before then. Cancel anytime by calling 1-888-BEST BUY."

21.    These purported disclosures do not meet the additional requirements that California's Automatic Renewal Law places on business *after* purchase of an automatically renewing product or service.

22.    First, it is not clear to a reasonable consumer like Mr. Karim that this section labelled "Total Tech Support" applies to the "Trend Micro" program listed separately from "Total Tech Support" earlier in the email. Thus, the 12:18 email is not "an acknowledgement" within the meaning of Bus. & Prof. Code §§ 17602(a)(3) and 17601(b) with respect to Trend Micro because the

purported disclosures contained within the email refer to Total Tech Support, a different product or service than the Trend Micro program for which Mr. Karim was later charged.

23.     Second, to the extent that any purported disclosures within the 12:18 p.m. email could be said to reasonably apply to the Trend Micro program, they nonetheless violate California's ARL. Specifically, the "acknowledgment" required under BUS. & PROF. CODE § 17602(a)(3) must "include[] the automatic renewal offer terms" which consists of five enumerated "clear and conspicuous disclosures," *id*. § 17601(b).  The 12:18 p.m. email failed to meet these standards in at least the following ways:

     a.  None of the purported disclosures contained in the 12:18 p.m. are clear and conspicuous, because they are not in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language.

     b.  The purported disclosures do not meet all five criteria that make up "automatic renewal offer terms" as defined by statute, BUS. & PROF. CODE § 17601(b).  For example, the 12:18 p.m. email does not state that Mr. Karim would be charged $2.99 for Trend Micro, in violation of BUS. & PROF. CODE § 17601(b)(3).

     c.  Though sent in February 2020, the 12:18 p.m. email did not disclose that Best Buy would not begin charging Mr. Karim for the Trend Micro program until May 2020, and thus fails to meet the requirement in BUS. & PROF. CODE § 17602(a)(3) that the acknowledgment disclose how Mr. Karim could cancel prior to paying for Trend Micro.

24.     Third, because Mr. Karim believes any purported acceptance of an offer to subscribe to this service (if at all, which he denies) occurred as part of his online purchase of a television set, Best Buy was obligated to provide an exclusively online method for cancellation (such as a pre-formatted cancellation email for the consumer to return).  *See id.* § 17602(c).

25.     Shortly after the 12:18 p.m. email, Best Buy sent a second email at approximately 12:27 p.m. PST on February 24, 2020.  This email listed "Trend Micro Internet Security + Antivirus TTS" under a section entitled "Services & Digital Downloads," but made no mention of the "Best Buy – Total Tech Support Monthly Membership" separately listed in the 12:18 p.m. email.  Nothing

in this subsequent email sufficed to meet Best Buy's obligations under BUS. & PROF. CODE §§ 17601 and 17602 as described above.  A copy of the 12:27 p.m. email is attached hereto as Exhibit 2.

### B.  Best Buy Bills Plaintiff Karim for "Trend Micro" and Mr. Karim attempts to cancel.

26.    Mr. Karim was never charged for "Best Buy – Total Tech Support Monthly Membership" despite the content of the 12:18 p.m. email, which was fine with Mr. Karim since he never desired that service nor knowingly enrolled in it.

27.    However, without Mr. Karim's knowing consent and even though Best Buy never complied with the legal disclosure requirements applicable to auto-renewing services, Best Buy began charging a monthly fee of $2.99 to Mr. Karim's credit card beginning on May 26, 2020.

28.    Later in 2020, Mr. Karim discovered that Best Buy had charged his credit card a recurring monthly fee of $2.99.  Surprised by the charge and wanting to avoid future charges for an internet security protection plan that he did not use and did not want, Mr. Karim attempted to cancel on bestbuy.com, but was not successful in terminating the automatic renewal of the Trend Micro antivirus program exclusively online, as required by BUS. & PROF. CODE § 17602(c).

29.    Best Buy continued to charge Mr. Karim's credit card a recurring fee of $2.99 on a monthly basis through July 25, 2021.

30.    On or around July 25, 2021, Mr. Karim sought to cancel again.  Because there was no self-service method of cancellation available on Best Buy's website, Mr. Karim ultimately placed a phone call to Best Buy's customer support.  Best Buy then cancelled the recurring charge, but by then had already charged Mr. Karim $44.85 for 15 months of an anti-virus program he never wanted or intended to use and, indeed, had never even downloaded.

31.    At no point did Mr. Karim receive the clear and conspicuous disclosures from Best Buy required by law when a consumer is offered a product or service which will auto-renew in the future.  Had Mr. Karim received those clear and conspicuous disclosures and been clearly asked for

his affirmative consent to be charged for an "internet security" or anti-virus plan or service, he would have refused to give such consent. Further, had Best Buy provided to Mr. Karim a clearly disclosed and easily accessible means for online cancellation of the plan or service which it was charging him for, Mr. Karim would have used that online procedure in late 2020 and would have avoided monthly charges which Best Buy collected from him.

32.     Mr. Karim intends to purchase products and services in the future for himself and his family from electronics retailers, including Best Buy, as long as he can gain some confidence in Best Buy's representations about its services and automatic enrollment and renewal practices.

## CLASS ACTION ALLEGATIONS

33.     As alleged throughout this Complaint, the Class claims all derive directly from a single course of conduct by Best Buy. Best Buy has engaged in uniform and standardized conduct toward the Class—its autoenrollment and subscription billing tactics—and this case is about the responsibility of Best Buy, at law and in equity, for that conduct.

34.     Plaintiff Karim sues on his own behalf and on behalf of a Class for damages and injunctive relief under California Code of Civil Procedure § 382 and Civil Codes §1781.

35.     The Class is preliminarily defined as follows:

> All California consumers who have been charged by Best Buy for an auto-renewing subscription for any product or service in connection with a purchase made via the Best Buy website from July 11, 2018 to the date of judgment. The following entities and individuals are not Class Members: (a) Best Buy and any and all of its predecessors, successors, assigns, parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, and attorneys, and any and all of the parents', subsidiaries', and affiliates' present and former predecessors, successors, assigns, directors, officers, employees, agents, representatives, and attorneys; (b) any judicial officer presiding over the Action, or any member of his or her immediate family or of his or her judicial staff.

36.     Plaintiff does not know the exact size of the Class, since such information is in the exclusive control of Defendant. Plaintiff believes, however, that the Class encompasses at least

several thousand Class Members.  Accordingly, the members of the Class are so numerous that joinder of all such persons is impracticable.

37.     The Class is united by a community of interest and is ascertainable.  It is ascertainable because its members can be readily identified using data and information kept by Best Buy in the usual course of business and within its control.

38.     The Named Plaintiff is an adequate class representative.  His claims are typical of the claims of the Class and do not conflict with the interests of any other members of the Class.  Plaintiff and the other members of the Class were subject to the same or similar enrollment and billing practices engineered by Best Buy.  Further, Plaintiff and members of the Class sustained substantially the same injuries arising out of Best Buy's conduct.

39.     Plaintiff will fairly and adequately protect the interests of all Class members.  Plaintiff has common interests with all members of the Class and will vigorously protect the interests of the Class through the qualified and experienced class action attorneys he has hired to represent his interests and those of the Class.

40.     Questions of law and fact are common to the Class and predominate over any questions affecting only individual Class members, and a class action will generate common answers to the questions below, which are apt to drive the resolution of this action:

      a.  Whether Best Buy's conduct  violates the applicable California consumer protection statutes;

      b.  Whether Class Members have been injured by Best Buy' conduct;

      c.  Whether, and to what extent, equitable relief and/or other relief should be imposed  on Best Buy, and, if so, the nature of such relief.; and

      d.  The extent of class-wide injury and the measure of damages for those injuries.

41.     Given the common questions to be resolved, a class action is superior to all other available methods for resolving this controversy because i) the prosecution of separate actions by

Class members will create a risk of adjudications with respect to individual Class members that will, as a practical matter, be dispositive of the interests of the other Class members not parties to this action, or substantially impair or impede their ability to protect their interests; ii) the prosecution of separate actions by Class members will create a risk of inconsistent or varying adjudications with respect to individual Class members, which will establish incompatible standards for Best Buy's conduct; iii) Best Buy has acted or refused to act on grounds generally applicable to all Class members; and iv) questions of law and fact common to the Classes predominate over any questions affecting only individual Class members.

42.     Plaintiffs and the members of the class are entitled to an award of attorneys' fees and costs against Best Buy.

WHEREFORE, Plaintiffs, on behalf of themselves and all other similarly situated, pray for judgement as set forth below.

## CAUSES OF ACTION

## COUNT 1

## CALIFORNIA AUTOMATIC RENEWAL LAW

43.     Plaintiff incorporates by reference all preceding and subsequent paragraphs.

44.     Plaintiff brings this claim on his own behalf and on behalf of each Class member.

45.     The California Automatic Renewal Law, BUS. & PROF. CODE §§ 17600 *et seq.,* became effective on December 1, 2010.

46.     BUS. & PROF. CODE §§ 17600 *et seq.*, declares unlawful "the practice of ongoing charging of consumer credit or debit cards or third-party payment accounts without the consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service." To ensure that result, the law requires certain clear disclosures be made to any consumer being offered a product or service which will automatically renew at some point in the future. Best Buy's conduct as alleged

in this Complaint was unlawful because it failed to comply with the requirements of BUS. & PROF. CODE § 17602. Best Buy's failures to comply include at least the following independent violations:

    a.   Best Buy failed to present the terms of its automatic renewal or continuous service offer in a clear and conspicuous manner before fulfilling the subscription and in visual proximity to the request for consent to the offer, as required by BUS. & PROF. CODE § 17602(a)(1);

    b.   Best Buy charged Plaintiff's and the Class's credit or debit cards, or the consumer's account with a third party, for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous offer terms, as required by BUS. & PROF. CODE § 17602(a)(2);

    c.   Best Buy failed to provide an acknowledgment that includes the automatic renewal offer terms or continuous offer terms, cancellation policy, and information regarding how to cancel, and to allow Plaintiff and the Class to cancel the automatic renewal or continuous service before they paid for it, as required by BUS. & PROF. CODE § 17602(a)(3);

    d.   Best Buy failed to provide a toll-free telephone number, electronic mail address, a postal address or another cost-effective, timely, and easy-to-use mechanism for cancellation described in BUS. & PROF. CODE § 17602(a)(3), as required by BUS. & PROF. CODE § 17602(b);

    e.   Best Buy failed to allow Plaintiff and the Class to terminate the automatic renewal or continuous service exclusively online, as required by BUS. & PROF. CODE § 17602(c).

47. Plaintiff and the Class are entitled to a declaration that Best Buy's conduct was and is unlawful in that it fails to comply with the requirements of the Automatic Renewal Law.

## COUNT 2

## CALIFORNIA UNFAIR COMPETITION LAW–UNLAWFUL BUSINESS PRACTICES

48. Plaintiff incorporates by reference all preceding and subsequent paragraphs.

49. Plaintiff brings this claim on his own behalf and on behalf of the Class.

50. BUS. & PROF. CODE § 17200 *et seq.* (the "Unfair Competition Law" or "UCL") prohibits acts of "unfair competition," including any unlawful, fraudulent or unfair business acts or practices as well as any acts contrary to the requirements of BUS. & PROF. CODE § 17500.

51.     Under the "unlawful" prong of the UCL, a violation of another law is treated as unfair competition and is independently actionable.

52.     Best Buy committed unlawful business practices under the UCL because it imposed charges without complying with all applicable requirements of Bus. & Prof. Code §§ 17600 *et seq.*, as alleged above.

53.     As a result of Best Buy' unlawful and unfair business practices, Plaintiff suffered an injury in fact and lost money or property.

54.     Pursuant to Bus. & Prof Code §17203, Plaintiff and the Class are entitled to an order: (1) requiring Best Buy to make restitution to Plaintiff and the Class; (2) enjoining Best Buy from charging Plaintiff's and Class members' credit cards, debit cards, and/or third party payment accounts until such time as Best Buy obtains the consumer's affirmative consent to an agreement that contains clear and conspicuous disclosures of all automatic renewal or continuous service offer terms and meets all other legal requirements; and (3) enjoining Best Buy from making automatic renewal or continuous service offers in the State of California that do not comply with the California Automatic Renewal Law.

## COUNT 3

## CALIFORNIA UNFAIR COMPETITION LAW–UNFAIR BUSINESS PRACTICES

55.     Plaintiff incorporates by reference all preceding and subsequent paragraphs.

56.     Plaintiff brings this claim on his own behalf and on behalf of the Class.

57.      Bus. & Prof. Code §§ 17200 *et seq.* (the "Unfair Competition Law" or "UCL") prohibits acts of "unfair competition," including any unlawful, fraudulent or unfair business acts or practices as well as any acts contrary to the requirements of Bus. & Prof. Code § 17500.

58.     The courts have adopted differing tests for determining whether a business act or practice is "unfair" under the UCL.  Best Buy's practices as alleged above were and are "unfair" and

therefore violative of the UCL, under any and all of these tests. Best Buy's practices have resulted in substantial injury to consumers that was not outweighed by any countervailing benefits to consumers or to competition and was not reasonably avoidable by the consumers themselves. Alternatively, Best Buy's practices offended an established public policy and/or were immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. Alternatively, Best Buy's practices were contrary to a public policy "tethered" to a specific constitutional, statutory or regulatory provision.

59.    As a result of Best Buy's unlawful and unfair business practices, Plaintiff suffered an injury in fact and lost money or property.

60.    Pursuant to BUS. & PROF CODE §17203, Plaintiff and the Class are entitled to an order: (1) requiring Best Buy to make restitution to Plaintiff and the Class; (2) enjoining Best Buy from charging Plaintiff's and Class members' credit cards, debit cards, and/or third party payment accounts until such time as Best Buy obtains the consumer's affirmative consent to an agreement that contains clear and conspicuous disclosures of all automatic renewal or continuous service offer terms and meets all other legal requirements; and (3) enjoining Best Buy from making automatic renewal or continuous service offers in the State of California that do not comply with California Automatic Renewal Law.

## <u>COUNT 4</u>

### CALIFORNIA UNFAIR COMPETITION LAW–FRAUDULENT PRACTICES AND FALSE ADVERTISING

61.    Plaintiff incorporates by reference all preceding and subsequent paragraphs.

62.    Plaintiff brings this claim on his own behalf and on behalf of the Class.

63.    BUS. & PROF. CODE §§ 17200, *et seq.* (the "Unfair Competition Law" or "UCL") prohibits acts of "unfair competition," including any unlawful, fraudulent or unfair business acts or practices as well as any acts contrary to the requirements of BUS. & PROF. CODE § 17500.

64.    Best Buy's acts, omissions, nondisclosures, and misleading statements as alleged herein were and are false, misleading, and/or likely to deceive the consuming public, and thus constituted fraudulent business practices in violation of the UCL.  Moreover, those acts, omissions, nondisclosures, and misleading statements were contrary to the provisions of the False Advertising Law, BUS. & PROF. CODE § 17500 and constitute violations of the UCL for that reason as well.

65.    As a result of Best Buy's unlawful and unfair business practices, Plaintiff suffered an injury in fact and lost money or property.

66.    Pursuant to BUS. & PROF. CODE §17203, Plaintiff and the Class are entitled to an order: (1) requiring Best Buy to make restitution to Plaintiff and the Class; (2) enjoining Best Buy from charging Plaintiff's and Class members' credit cards, debit cards, and/or third party payment accounts until such time as Best Buy obtains the consumer's affirmative consent to an agreement that contains clear and conspicuous disclosures of all automatic renewal or continuous service offer terms and meets all other legal requirements; and (3) enjoining Best Buy from making automatic renewal or continuous service offers in the State of California that do not comply with California Automatic Renewal Law.

## **COUNT 5**

### **CALIFORNIA CONSUMERS LEGAL REMEDIES ACT**

67.    Plaintiff incorporates by reference all preceding and subsequent paragraphs.

68.    Plaintiff brings this claim on his own behalf and on behalf of the Class.

69.    The California Consumers Legal Remedies Act (the "CLRA"), CIV. CODE § 1770(a)(14), prohibits certain specified unlawful acts and practices if utilized in connection with any transaction involving the sale or lease of goods or services to a consumer.

70.     Best Buy violated CIV. CODE § 1770, subdivisions (a)(5), (a)(9), (a)(14) and (a)(16) by, inter alia, representing that Best Buy's goods and services have certain characteristics that they

do not have; advertising goods and services with the intent not to sell them as advertised; representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law; and representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

71.     Plaintiff and the Class members are "consumers" within the meaning of Civ. Code § 1761(d) in that Plaintiff and the Class members were charged by Best Buy in connection with transactions involving goods or services sought or acquired for personal, family, or household purposes.

72.     Best Buy's internet security protection plans and other auto-renewing subscriptions constitute "services" within the meaning of Civ. Code § 1761(b).

73.     Plaintiff has standing to pursue these claims because he suffered injury in fact and a loss of money and/or property as a result of the wrongful conduct alleged herein.  Plaintiff neither intended to nor knowingly did purchase any internet security protection services from Best Buy, nor did Plaintiff expect or intend to be charged for such a service on an "auto-renewing" basis.  But for Best Buy's wrongful practices, Plaintiff would not have been charged for such a service.  Yet he was charged, and paid, for that service.

74.     The charges imposed by Best Buy, purportedly in exchange for auto-renewing subscriptions, to Plaintiff and Class Members are "transactions" within the meaning of Civ. Code § 1761(e).

75.     As a direct and proximate result of result of Best Buy's violations of the CLRA, Plaintiff and the Class were wrongfully charged fees for Best Buy's auto-renewing subscriptions.

76.     Accordingly, Plaintiff and the Class Members seek an injunction prohibiting Best Buy from engaging in the unlawful practices alleged herein.  In addition,  Best Buy having failed to rectify or agree to rectify the unlawful acts detailed above and to give notice to all affected consumers within

30 days of written notice pursuant to § 1782 of the CLRA, Plaintiff seeks compensatory damages for, and restitution of any ill-gotten gains due to, Best Buy's acts and practices, as well as any other remedies the Court may deem appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

(a)    Issue an order certifying the Class defined above, appointing Plaintiff as Class representative, and designating Bramson, Plutzik, Mahler & Birkhaeuser, LLP and Wittels McInturff Palikovic as Class Counsel;

(b)    Find that Best Buy has committed the violations of law alleged herein;

(c)    Enter an appropriate order awarding restitution and monetary damages to the Class;

(d)    Enter an order granting appropriate injunctive relief on behalf of the Class;

(e)    Award pre-judgment interest, costs, reasonable attorneys' fees and expenses; and

(f)    Grant all such other relief as the Court deems appropriate.

(g)    Plaintiff demands a jury trial on all issues so triable.

Dated:  September 13, 2022

**BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP**

_Alan R. Plutzik_

Alan R. Plutzik

Robert M. Bramson (Bar No. 102006)
rbramson@bramsonplutzik.com
Alan R. Plutzik (Bar No. 77785)
aplutzik@bramsonplutzik.com
Daniel E. Birkhaeuser (Bar No. 136646)
dbirkhaeuser@bramsonplutzik.com
2125 Oak Grove Road, Suite 125
Walnut Creek, California 94598
Telephone: (925) 945-0200

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WITTELS MCINTURFF PALIKOVIC**

By:    /s/ J. Burkett McInturff
        J. Burkett McInturff*
        jbm@wittelslaw.com
        Jessica L. Hunter*
        jlh@wittelslaw.com
        18 Half Mile Road
        Armonk, New York 10504
        Telephone: (914) 319-9945
        Facsimile: (914) 273-2563

        *Counsel for Plaintiff*

        *   Motion   for   pro   hac   vice   admission
forthcoming*

Exhibit 1

**From:** **Best Buy** BestBuyInfo@emailinfo.bestbuy.com
**Subject:** We've received your order #BBY01-805692797405.
**Date:** February 24, 2020 at 12:18 PM
**To:** [EMAIL REDACTED]

We'll keep you posted on the status of your order.

View: Web



# Alee, thanks for your order on 02/24/20.

Below is a summary of your purchase. Please be sure to review the **What You Need to Know** section for important details about your order.

Thank you for shopping at Best Buy®. We appreciate your business and look forward to seeing you soon.

Sincerely,

Your Customer Care Team

# Order # BBY01-805692797405

[ **View Order Status** ]

↓ **Services & Digital Downloads**



**Best Buy - Total Tech Support Monthly Membership**
**Model:** BBY TTS MONTHLY
**SKU:** 5763732

| Qty | Price |
| --- | --- |
| 1 | $17.00 |

**Delivering To:**

[EMAIL REDACTED]



**Trend Micro Internet Security + Antivirus TTS (3 Devices) (Monthly Subscription- Auto Renew) - Android|Mac|Windows|iOS [Digital]**
**Model:** TRE021800V043
**SKU:** 6411085

| Qty | Price |
| --- | --- |
| 1 | $2.99 |

**Delivering To:**

[EMAIL REDACTED]



## What You Need To Know

**Digital Delivery**

**Total Tech Support**
Good news! You can start using your membership benefits immediately online, in store, via chat or over the phone. You will also receive an email detailing your membership benefits.

- Need help right now? Call 1-888-BEST BUY.
- Your Total Tech Support plan with Internet Security software automatically renews each month. We will send advance notice of any price change to the email address you provided. Your credit card will be charged $19.99 (or the then-current price) plus tax on your monthly renewal date unless you cancel before then. Cancel anytime by calling 1-888-BEST BUY. **For your plan's specific details, please visit our Terms & Conditions page.**

**To Download Digital Content**
Different types of downloads will have different download methods:

- Digital computer software can usually be downloaded directly from BestBuy.com®
- After purchasing a digital computer game, you will receive a code and a link to a PDF or website where you can enter your code to download the game
- When you buy a digital console game, you will receive an e-mail with a code that can be used to download your purchase in your gaming system dashboard
- Log into your BestBuy.com® Digital Library and download your content from there

## Order Summary

| | |
|---|---|
| Subtotal: | $19.99 |
| Shipping:* | FREE |
| Tax:* | $0.00 |
| Discounts:* | -$0.00 |
| **Order Total:*** | **$19.99** |

*Estimated

**View Order Status**

# Featured
# Help Topics

See how digital downloads work

Returning or exchanging an item

Canceling an item or a full order

Price Match Guarantee

Best Buy Trade-In & Recycling

**Best Buy Help Center**





Sign up and stay connected.

**Get the latest deals & more.**

| Sign Up |
| --- |

Save when you shop the Best Buy Outlet for clearance, open-box, refurbished and pre-owned items.

**Clearance, open-box and more.**

| Shop the Best Buy Outlet |
| --- |

Deal of the Day          Geek Squad          Credit Cards          Customer Service

Follow us and share your story        

Your privacy is important to Best Buy. For more information on how Best Buy protects your privacy, steps you can take to protect your personal information and alerts on privacy risks facing consumers, please visit the Best Buy Privacy Hub.

Best Buy 7601 Penn Avenue South, Richfield, MN 55423-3645

© 2020 Best Buy. All rights reserved.

Exhibit 2

**From:** **Best Buy** BestBuyInfo@emailinfo.bestbuy.com
**Subject:** Your digital download is ready
**Date:** February 24, 2020 at 12:27 PM
**To:** [EMAIL REDACTED]

Download your content from your Digital Library.

View: Web



# Exciting news, Alee. Your digital content is ready to download.

Your digital content has been added to your Digital Library.

To download and install your new content, follow the instructions in the **What You Need to Know** section below.

Thanks again for shopping at Best Buy®. We hope you enjoy your purchase and look forward to seeing you again soon.

Sincerely,

Your Customer Care Team

Order Date: 02/24/2020

## Order # BBY01-805692797405

**Go to Digital Library**

 ## Services & Digital Downloads

| | Qty | |
|---|---|---|
| Trend Micro Internet Security + Antivirus TTS 3 Devices Monthly Subscription Auto Renew AndroidMacWindowsiOS Digital **Model:** TRE021800V043 | 1 | **Delivering To:**<br><br>[EMAIL REDACTED] |

ⓘ  **What You Need To Know**

**Digital Delivery**

**To Download Your Digital Content**
- Sign in to your Digital Library using your BestBuy.com® account
- Click the download button next to the content you want to download - you may first need to

install a download manager, which helps improve download speed and quality
- Once downloaded, your digital content is securely stored in your Digital Library for anytime, anywhere access
- By placing this order, you have agreed to the Best Buy Conditions of Use, User Responsibilities and Privacy Policy

**My Best Buy® Program Members**
- If you entered your My Best Buy ID during checkout, points will be awarded to your account for eligible purchases approximately 30 days after fulfillment
- Please allow 6-8 weeks to receive your reward certificates
- For more information or questions about your account, visit My Best Buy

# Featured
# Help Topics

See how digital downloads work

Returning or exchanging an item

Canceling an item or a full order

Price Match Guarantee

Best Buy Trade-In & Recycling

**Best Buy Help Center**

Deal of the Day          Geek Squad          Credit Cards          Customer Service

Follow us and share your story   



Your privacy is important to Best Buy. For more information on how Best Buy protects your privacy, steps you can take to protect your personal information and alerts on privacy risks facing consumers, please visit the Best Buy Privacy Hub.

Best Buy 7601 Penn Avenue South, Richfield, MN 55423-3645

© 2020 Best Buy. All rights reserved.